FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 12 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GREG GROUNDS**                                                                 PLAINTIFF

vs.                                    No. 4:21-cv-115-BRW

**CITY OF LITTLE ROCK**                                                          DEFENDANT

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Greg Grounds ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant City of Little Rock ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6. Plaintiff is an individual and resident of Pulaski County.

7. Defendant is a municipality.

8. Defendant can be served through its mayor, who is Frank D. Scott, Jr., at 500 West Markham Street, Room 203, Little Rock, Arkansas 72201.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

11. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203(d).

12. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

14. Defendant employed Plaintiff as an electrical inspector supervisor from August of 2015 until October of 2020.

15. Plaintiff's primary duty was to perform electrical inspections.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. Defendant paid Plaintiff for forty hours of work per week.

18. If Plaintiff worked less than forty hours in a week, he was required to use PTO or sick leave.

19. If Plaintiff worked more than forty hours in a week, he was not paid for the hours he worked over forty.

20. Defendant told Plaintiff that he was an hourly employee, but that he was exempt from the overtime requirements of the FLSA.

21. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and the AMWA.

22. Plaintiff did not have the authority to hire or fire any other employee.

23. Plaintiff was not asked to provide input as to which employees should be hired or fired.

24. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

25. Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

26. Although Plaintiff submitted timesheets to Defendant, Defendant told Plaintiff that he was not entitled to overtime pay even if Plaintiff submitted timesheets that indicated he worked hours over forty in a week.

27. Defendant regularly required Plaintiff to work hours over forty in a week.

28. Plaintiff estimates he generally worked between 40 and 45 hours per week, although there were periods of time when Plaintiff worked approximately 50 hours per week (e.g., when the department was short-staffed).

29. Defendant failed to pay Plaintiff for hours worked over forty in a week.

30. Defendant knew or should have known that Plaintiff was working additional hours off the clock for which he was not compensated.

31. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

32. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.    FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

36. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

37. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

38. Defendant failed to pay Plaintiff for all hours worked.

39. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

40. Defendant knew or should have known that its actions violated the FLSA.

41. Defendant's conduct and practices, as described above, were willful.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

43. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF—VIOLATION OF THE AMWA

45.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

46.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

47.   At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

48.   Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

49.   Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

50.   Defendant failed to pay Plaintiff for all hours worked.

51.   Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

52.   Defendant knew or should have known that its practices violated the AMWA.

53.   Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

54.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Greg Grounds respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.   Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.   Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.   An order directing Defendant to pay Plaintiff a reasonable attorney's fee and all costs connected with this action; and

E.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF GREG GROUNDS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com