IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GREG GROUNDS                                                                                         PLAINTIFF

VS.                                             4:21-CV-00115-BRW

CITY OF LITTLE ROCK                                                                          DEFENDANT

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 5). Plaintiff has responded with an Amended Complaint.[1] For the reasons stated below, Plaintiff's Motion to Dismiss is DENIED as moot.

I.   BACKGROUND

Plaintiff Defendant violated the Fair Labor Standards Act ("FLSA")[2] and the Arkansas Minimum Wage Act ("AMWA").[3] After Defendant filed its motion, Plaintiff filed his first amended complaint within the time for amending as a matter of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.[4]

In its Motion to Dismiss, Defendant asserts that Plaintiff "failed to state claim for a willful violation under the FLSA." Additionally, Defendant contends that "Plaintiff asserts no factual basis to support any claim for the [Defendant]'s alleged FLSA violation."

In his Amended Complaint, Plaintiff added three allegations:

(1) Defendant knew or should have known that its actions violated the FLSA.

---

[1] Doc. No. 7.

[2] 29 U.S.C. § 201 *et seq*.

[3] Ark. Code Ann. § 11–4–201 *et seq*.

[4] Doc. No. 7.

1

(2) Defendant knew or should have known that the FLSA requires employers to pay employees time-and-a-half for hours worked in excess of forty per workweek.

(3) Defendant assigned Plaintiff his duties and knew or should have known that those duties did not qualify Plaintiff for any exemption from the overtime requirements of the FLSA.[5]

## II.  DISCUSSION

Plaintiff claims that Defendant violated the FLSA by failing to pay him overtime.  To prevail on this claim , Plaintiff must "present evidence that they worked above their scheduled hours without compensation and that the [Defendant] knew or should have known that [he] [was] working overtime."[6]  The same standards apply to Plaintiff's AMWA claims.[7]  Additionally, Plaintiff alleges that Defendant willfully violated the FLSA, which triggers the three-year limitations period rather than two years..[8]  The Supreme Court has defined a "willful" violation as one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[9]

Defendant's Motion to Dismiss recited the relevant legal standards without much analysis of the issues.  Defendant focused on Plaintiff's failure to allege that Defendant knew

---

[5]Doc. No. 7, p. 5.

[6]*Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 781 (8th Cir.2009).

[7]See *Helmert v. Butterball, LLC*, 805 F.Supp.2d 655, 663 n. 8 (E.D.Ark. 2011) (stating that the AMWA appears to impose the same overtime requirements as the FLSA); see also Ark. Admin. Code 010.14.1–112 (providing that the Arkansas Department of Labor "may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [the AMWA] ... except to the extent a different interpretation is clearly required.")

[8]See 29 U.S.C. § 255(a).

[9]*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); see *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir.2000).

that he was working overtime and that it was violating the FLSA.[10]  Plaintiff addressed this issue, although in a bare bones way, in his Amended Complaint.  Still, the Amended Complaint moots Defendant's Motion to Dismiss because it directly addresses issues raised in the Motion to Dismiss.

## CONCLUSION

Based on the above findings of fact and conclusions of law, Defendant's Motion to Dismiss (Doc. No. 5) is DENIED as moot.

IT IS SO ORDERED this 21st day of April, 2021.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[10]Doc. No. 6.